UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLESETTA WILLIAMS, as Mother and Next Friend of D.W., a Minor, | ) ) ) | |
| Plaintiff, | ) | CASE NO. |
| vs. | ) ) | |
| PEORIA SCHOOL DISTRICT 150, an Illinois Local Governmental Entity; REGIONAL OFFICE of EDUCATION, an Illinois Local Governmental Entity; BENJAMIN THORNTON, Behavioral Attendant for Peoria School District 150, in his Individual Capacity, MARILYN HABECKER, Physical Education Teacher for Peoria School District 150, in her Individual Capacity,  TORI PRINGLE, Teacher's Aide for Peoria School District 150, in her Individual Capacity, NORM DURFLINGER, Interim Superintendent for Peoria School District 150, in his Individual and Official Capacities, DEBRA DIMKE, Director of Human Resources for Peoria School District 150, in her Individual and Official Capacities, GERALD BROOKHEART, Regional Superintendent for the Regional Office of Education, in his Individual and Official Capacities, JEFF NELSON, Assistant Superintendent for the Regional Office of Education in his Individual and Official Capacities, Unknown Supervisory and Officers of Peoria Public Schools District No. 150 known as John Doe(s), in Their Individual and Official Capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, CHARLESETTA WILLIAMS (hereinafter "Williams") as Mother and Next Friend of D.W., a Minor, by and through her attorneys, LeFANTE LAW OFFICES, P.C., and complaining of Defendants, PEORIA SCHOOL DISTRICT 150, an Illinois Local Governmental Entity, (hereinafter "PSD 150") REGIONAL OFFICE of EDUCATION, an Illinois Local Governmental Entity, (hereinafter "ROE"), BENJAMIN THORNTON, a Behavioral Attendant for PSD 150, (hereinafter "THORNTON"), Individually and as agent,

servant or employee of PSD 150, MARILYN HABECKER, (hereinafter "HABECKER"), Individually and as agent, servant or employee of PSD 150, TORI PRINGLE, (hereinafter, "PRINGLE"), Individually and as agent, servant or employee of PSD 150, NORM DURFLINGER, (hereinafter "DURFLINGER") Interim Superintendent of PSD 150, in his Individual and Official Capacities, DEBRA DIMKE, (hereinafter "DIMKE"), Director of Human Resources for PSD 150, in her Individual and Official Capacities, GERALD BROOKHEART, (hereinafter "BROOKHEART"), Regional Superintendent of the ROE, in his Individual and Official Capacities, and JEFF NELSON (hereinafter "NELSON"), Assistant Superintendent of the ROE, in his Individual and Official Capacities, and Unknown Supervisory and Officers of PSD 150, known as JOHN DOE(s), their Individual Capacities and as agents, servants or employees of PSD 150, and alleges as follows:

## JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S. C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a).

## VENUE

2.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).  The claim arose in Peoria County, Illinois.  PSD 150 is an entity conducting governmental affairs in Peoria County, Illinois.  The ROE is an entity conducting governmental affairs in Peoria County, Illinois, providing oversight and support to PSD 150 and many other School Districts within Peoria County. This case is assigned to the Peoria Division of this Court under Local Rule 40.1.

3.      The incident complained of occurred on **Thursday, February 25, 2010,** in the City of Peoria, County of Peoria, and State of Illinois.

## PARTIES

4.      Plaintiffs are citizens of the United States and residents of Peoria County, Illinois. Plaintiff, WILLIAMS, is the mother and legal guardian of D.W. On Thursday, February 25, 2010, D.W. was a 7th grade student at Greeley Alternative Regional Safe School (hereinafter "Greeley") in Peoria, Illinois.

5.      On Thursday, February 25, 2010, THORNTON was employed by PSD 150 as a Behavioral Attendant at Greeley.

2

6.      On Thursday, February 25, 2010, HABECKER was employed by PSD 150, as a physical education teacher at Greeley.

7.      On Thursday, February 25, 2010, PRINGLE was employed by PSD 150, as a teacher's aide at Greeley.

8.      On Thursday, February 25, 2010, DURFLINGER was employed by PSD 150 as the Interim Superintendent.

9.      On Thursday, February 25, 2010, DIMKE was employed by PSD 150 as the Director of Human Resources.

10.     On Thursday, February 25, 2010, BROOKHEART was employed by the Regional Office of Education as Regional Superintendent.

11.     On Thursday, February 25, 2010, NELSON was employed by the Regional Office of Education as Assistant Superintendent.

12.     PSD 150 at all times relevant hereto, was a local governmental entity organized and existing under the laws of the State of Illinois to provide elementary and secondary education to children within the boundaries of the School District in Peoria County, Illinois, which was at all times material hereto acting under color of state law.

13.     At all times relevant herein, PSD 150 owned or otherwise operated, managed and maintained a school located at 919 N.E. Jefferson Avenue, in the city of Peoria, County of Peoria, State of Illinois, commonly known as Greeley Alternative Regional Safe School.

14.     PSD 150 is sued as a necessary party under Fed.R.Civ.Proc. 19, because of its obligation to pay settlements or judgments for compensatory damages against officers and employees of the School District acting in the scope of their employment under 745 ILCS 10/9-102 (2006).

15.     PSD 150 was, at all times relevant hereto, the employer of THORNTON.  At all times material to this Complaint, THORNTON was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150.

16.     PSD 150 was, at all times relevant hereto, the employer of HABECKER.  At all times material to this Complaint, HABECKER was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150.

17.     PSD 150 was, at all times relevant hereto, the employer of PRINGLE.  At all times material to this Complaint, PRINGLE was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150.

18.     PSD 150 was, at all times relevant hereto, the employer of DURFLINGER.  At all times material to this Complaint, DURFLINGER was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150.

19.     PSD 150 was, at all times relevant hereto, the employer of DIMKE.   At all times material to this Complaint, DIMKE, was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150.

20.     The ROE is a state governmental entity organized and existing under the laws of the State of Illinois and was, at all times relevant hereto, the employer of Defendant, BROOKHEART, and owned or otherwise supervised and maintained a Regional Office located at 324 Main St., in the City of Peoria, County of Peoria, State of Illinois.   At all times material to this Complaint, BROOKHEART was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150 and the ROE.

21.     The ROE was, at all times relevant hereto, the employer of NELSON.    At all times material to this Complaint, NELSON was acting under color of state law, ordinance and/or regulation, statutes, customs and usage of PSD 150 and the ROE.

## FACTUAL AND GENERAL ALLEGATIONS

22.     At all times material and relevant, it was the duty of Defendant, PSD 150, to provide security and/or adult/teacher supervision at Greeley during school hours so as to ensure proper conduct and maintain a safe learning environment and so as to avoid injury to students and other persons lawfully at the school, including, but not limited to, Plaintiff, D.W.

23.     At all times material and relevant, it was the duty of Defendant, ROE to provide supervision, guidance and advocacy to PSD 150 Administrators so as to ensure proper conduct and maintain a safe learning environment and to provide support so as to avoid injury to students and other persons lawfully at Greeley, including, but not limited to, Plaintiff, D.W.

24.     At all times material and relevant, Plaintiff, D.W., was registered as a student at Greeley, and was otherwise legally and properly on the premises on Thursday, February 25, 2010.

25.     On Thursday, February 25, 2010, Plaintiff, D.W., was lawfully in the school gymnasium and, as noted on surveillance video, was walking around the perimeter of the gym as instructed by gym teacher HABECKER, and was supervised by HABECKER, teacher's aide, PRINGLE and observed by behavioral attendant, THORNTON.

26.     At all times material and relevant, as noted on surveillance video, Plaintiff, D.W., was in the exercise of due care and caution for his own safety, and the safety of others.

27.     Prior to the altercation with THORNTON, D.W. did not pose a physical threat or security risk to himself, other students or PSD 150 personnel.

28.     Plaintiff, D.W., while walking around the perimeter of the gym, and as noted on surveillance video, was approached by Defendant THORNTON and through the use of unwarranted violence, including, shoving, hitting and restraint, was forced into a confrontation with Defendant.

29.     Defendant, THORNTON, as noted on surveillance video, using excessive and unwarranted force, grabbed D.W. and pushed him onto a table located inside the gym where Defendants HABECKER and PRINGLE were seated.

30.     Defendant, THORNTON, as noted on surveillance video, climbed onto the table and on top of D.W. and restrained D.W. by pinning his neck forcefully to the table.

31.     During the altercation, D.W. and THORNTON, as noted on surveillance video, fell from the table to the gym floor.

32.     THORNTON, as noted on surveillance video, continued to increase his aggressive actions toward D.W., grappling and wrestling with D.W.  Eventually, THORNTON dragged D.W. to his feet.

33.     THORNTON, as noted on surveillance video, then shoved D.W. towards the gym exit and punched D.W. in the back of his head with a closed fist.

34.     Teacher, HABECKER and aide PRINGLE, as noted on surveillance video, witnessed the physical assault between THORNTON and D.W.

35.     As noted on surveillance video, at no time during the physical assault on D.W. by THORNTON, did either the teacher, HABECKER, or the aide, PRINGLE, attempt to intervene or prevent harm to the minor, D.W.

36.     Defendant, THORNTON, was not charged with responsibility for supervision of the students in the gym class on February 25, 2010, and was aware of his duties as a Behavioral Attendant, formally known as 1:1 (one on one).

37.     Defendants HABECKER and PRINGLE were charged with the responsibility for the safety and security of students in the gym on Thursday, February 25, 2010, and were aware of their responsibility and duties.

38.     As noted on surveillance video, THORNTON shoved D.W. into the hallway, threw D.W. against lockers, punched D.W. in the back with a closed fist and placed D.W. in a headlock while dragging him approximately 200 feet to the Principal's office.

39.     At no time on Thursday, February 25, 2010, was it necessary for Defendant, THORNTON, to strike, detain or use any physical force against D.W.

40.     The use of excessive force initiated and utilized by THORNTON, was witnessed and sanctioned by the inaction of Defendants, Habecker and Pringle, and resulted in fear, physical and emotional pain, crying and pleading by D.W. for relief and resulted in extreme emotional distress.

41.     The entire incident between THORNTON and D.W., in addition to the failure of HABECKER and PRINGLE to intervene was captured on video surveillance.  Despite a ruling by the Attorney General's office for the State of Illinois ordering PSD 150 to release the video surveillance to Plaintiff, PSD 150 has refused to comply and have thus willfully and wantonly and with malice, deprived the Plaintiff, Charlesetta Williams, of her parental right and privilege of comforting her son with full knowledge and awareness of the extent of harm perpetrated against him by PSD 150 employees.

42.     Despite the potential injury to D.W., and D.W.'s possible medical needs, D.W. was neither given medical treatment by Defendants THORNTON, HABECKER, or PRINGLE, nor by any agent or employee of PSD 150.  D.W. was not allowed to phone his Mother to inform her of the situation and thus prevented his Mother from  attending to his physical and emotional needs. In further aggravation of a willful, wanton and malicious disregard for the student's well-being, Defendants, individually and in collusion refused to solicit assistance for D.W., a minor, for more than 4 days subsequent to the assault.

43.     The use of force initiated and utilized by Defendant, THORNTON, and witnessed by HABECKER and PRINGLE, was excessive, unreasonable, unnecessary and willful, and recklessly disregarded the rights of the Plaintiff.

44.     The use of force initiated and utilized by Defendant, THORNTON, was excessive, unreasonable, and unnecessary in order to accomplish any task undertaken by Defendant, THORNTON.

45.     Defendants, THORNTON, HABECKER and PRINGLE willfully, and with utter disregard for the rights and safety of the Plaintiff, injured D.W.  Said conduct was performed deliberately, with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of D.W., and with evil motive and reckless indifference to the rights of D.W.to be free from bodily injury and psychological injury.

46.     The use of force initiated and utilized by Defendant THORNTON, and witnessed by HABECKER and PRINGLE, and the failure of HABECKER and PRINGLE, or other agents or employees of Defendant, PSD 150, to intervene in the use of said force, caused an excessive amount of pain to be inflicted onto the body of the Plaintiff, causing him to sustain various injuries.

47.     As a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants, THORNTON, HABECKER and PRINGLE, D.W. sustained physical injuries, pain, suffering, extreme mental anguish and pecuniary loss both now and in the future.

## <u>COUNT I</u>
### (Violation of 42 U.S.C. § 1983-Benjamin Thornton)

48.     Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 48 of Count I as if fully set forth herein.

49.     Defendant, THORNTON'S actions amounted to an excessive use of force unto D.W. and violated his Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

50.     The above-referenced actions of Defendant, THORNTON constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

51.     The aforementioned actions of Defendant, THORNTON were the direct and proximate cause of the constitutional violations set forth above.

## COUNT II
### (Violation of 42 U.S.C. § 1983-Marilyn Habecker)

52.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 52 of Count II as if fully set forth herein.

53.    Defendant, HABECKER'S actions and/or omissions amounted to an excessive use of force unto D.W. and violated his Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

54.    The above-referenced actions and/or omissions of the Defendant, HABECKER constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

55.    The aforementioned actions and/or omissions of Defendant, HABECKER, were the direct and proximate cause of the constitutional violations set forth above.

## COUNT III
### (Violation of 42 U.S.C. § 1983-Tori Pringle)

56.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 56 of Count III as if fully set forth herein.

57.    Defendant PRINGLE'S actions and/or omissions amounted to an excessive use of force unto D.W. and violated his Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

58.    The above-referenced actions and/or omissions of Defendant, PRINGLE constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

59.    The aforementioned actions and/or omissions of Defendant, PRINGLE, were the direct and proximate cause of the constitutional violations set forth above.

## COUNT IV
### (Violation of 42 U.S.C. § 1983-Norm Durflinger)

60.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 60 of Count IV as willfully set forth herein.

61.    Interim Superintendent, DURFLINGER, was, at all times relevant hereto, the policy making agent of PSD 150 for the management of the School District, subject to supervision of the Board of Education.

62.     Defendant, DURFLINGER, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

63.     Defendant, DURFLINGER, failed to verify and confirm that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley.

64.     Defendant, DURFLINGER, failed to properly train and supervise PSD 150 employees regarding use of force and duty to protect students from harm.

65.     The Defendant, DURFLINGER'S acts and/or omissions amounted to an excessive use of force unto D.W. and violated Plaintiff's Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

66.     The above-referenced acts and/or omissions of the Defendant, DURFLINGER constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

67.     The aforementioned acts and/or omissions of Defendant, DURFLINGER, were the direct and proximate cause of the constitutional violations set forth above.

## COUNT V
### (Violation of 42 U.S.C. § 1983-Debra Dimke)

68.      Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 68 of Count V as if fully set forth herein.

69.     PSD 150 Director of Human Resources, DIMKE, was, at all times relevant hereto, the policy making agent of PSD 150 for the management of Human Resources for the School District, subject to supervision of the Board of Education.

70.     Defendant, DIMKE, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

71.     Defendant, DIMKE, failed to verify and confirm that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley.

72.     Defendant, DIMKE, failed to properly train and supervise PSD 150 employees regarding use of force and duty to protect students from harm.

9

73.    The Defendant, DIMKE'S acts and/or omissions amounted to an excessive use of force unto D.W. and violated Plaintiff's Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

74.    The above-referenced acts and/or omissions of the Defendant, DIMKE, constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

75.    The aforementioned acts and/or omissions of Defendant, DIMKE, were the direct and proximate cause of the constitutional violations set forth above.

### COUNT VI
### (Violation of 42 U.S.C. § 1983-Gerald Brookheart)

76.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 76 of Count IV as willfully set forth herein.

77.    Regional Superintendent of Schools for ROE, BROOKHEART, was, at all times relevant hereto, the policy making agent of PSD 150 for the management of the School District, subject to supervision of the Board of Education.

78.    Defendant, BROOKHEART, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

79.    Defendant, BROOKHEART, failed to verify and confirm that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley.

80.    Defendant, BROOKHEART, failed to properly train and supervise PSD 150 employees regarding use of force and duty to protect students from harm.

81.    The Defendant, BROOKHEART'S acts and/or omissions amounted to an excessive use of force unto D.W. and violated Plaintiff's Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

82.    The above-referenced acts and/or omissions of the Defendant, BROOKHEART, constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

83.    The aforementioned acts and/or omissions of Defendant, BROOKHEART, were the direct and proximate cause of the constitutional violations set forth above.

## COUNT VII
### (Violation of 42 U.S.C. § 1983-Jeff Nelson)

84.     Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 84 of Count V as if fully set forth herein.

85.     Assistant Superintendent for ROE, NELSON, was, at all times relevant hereto, the policy making agent of the ROE for the management of the ROE Schools within PSD 150, subject to supervision of the Board of Education.

86.     Defendant, NELSON, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

87.     Defendant, NELSON, failed to verify and confirm that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley.

88.     Defendant, NELSON, failed to properly train and supervise PSD 150 employees regarding use of force and duty to protect students from harm.

89.     The Defendant, NELSON'S acts and/or omissions amounted to an excessive use of force unto D.W. and violated Plaintiff's Fourth and Fourteenth Amendment's right to be free from unreasonable seizure.

90.     The above-referenced acts and/or omissions of the Defendant, NELSON, constitute and amount to excessive force in violation of 42 U.S.C. § 1983 and the United States Constitution.

91.     The aforementioned acts and/or omissions of Defendant, NELSON, were the direct and proximate cause of the constitutional violations set forth above.

## COUNT VIII
### (State Claim - Assault and Battery – Benjamin Thornton)

92.     Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 92 of Count VIII as if fully set forth herein.

93.     The acts of the Defendant, THORNTON, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of

the State of Illinois.  Further, said acts directly and proximately caused D.W.'s injuries, pain and suffering as alleged above.

94.    The acts of the Defendant, THORNTON, as described above, placed D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT IX
### (State Claim - Assault and Battery – Marilyn Habecker)

95.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 95 of Count IX as if fully set forth herein.

96.    The acts and/or omissions of the Defendant, HABECKER, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused D.W.'s injuries, pain and suffering as alleged above.

97.    The acts and/or omissions of the Defendant, HABECKER, as described above, placed D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT X
### (State Claim - Assault and Battery –Tori Pringle)

98.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 98 of Count X as if fully set forth herein.

99.    The acts and/or omissions of the Defendant, PRINGLE, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the D.W.'s injuries, pain and suffering as alleged above.

100.    The acts and/or omissions of the Defendant, PRINGLE, as described above, placed the D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT XI
### (State Claim - Assault and Battery – Norm Durflinger)

101.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 101 of Count XI as if fully set forth herein.

102.    The acts and/or omissions of the Defendant, DURFLINGER, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the D.W.'s injuries, pain and suffering as alleged above.

103.    The acts and/or omissions of the Defendant, DURFLINGER, as described above, placed the D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT XII
### (State Claim - Assault and Battery – Debra Dimke)

104.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 104 of Count XII as if fully set forth herein.

105.    The acts and/or omissions of the Defendant, DIMKE, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the D.W.'s injuries, pain and suffering as alleged above.

106.    The acts and/or omissions of the Defendant, DIMKE, as described above, placed the D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT XIII
### (State Claim - Assault and Battery – Gerald Brookheart)

107.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 107 of Count XIII as if fully set forth herein.

108.    The acts and/or omissions of the Defendant, BROOKHEART, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the

13

laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the D.W.'s injuries, pain and suffering as alleged above.

109.    The acts and/or omissions of the Defendant, BROOKHEART, as described above, placed the D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT XIV
### (State Claim - Assault and Battery – Jeff Nelson)

110.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 110 of Count XIV as if fully set forth herein.

111.    The acts and/or omissions of the Defendant, NELSON, as described above, were affirmative acts intended to cause an unpermitted contact of a harmful and/or offensive nature to which D.W. did not consent, and thus constitute assault and battery under the laws and constitution of the State of Illinois.  Further, said acts directly and proximately caused the D.W. injuries, pain and suffering as alleged above.

112.    The acts and/or omissions of the Defendant, NELSON, as described above, placed the D.W. in apprehension of receiving a battery, and this constituted assault under the laws and constitution of the State of Illinois.

## COUNT XV
### (State Claim - Willful and Wanton Conduct – Benjamin Thornton)

113.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 113 of Count XV as if fully set forth herein.

114.    At all times material and relevant, the Defendant, THORNTON, owed D.W. a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

115.    Notwithstanding said duty, THORNTON engaged in the following willful and wanton conduct:

    a.    Grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

    b.    Grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

14

    c.   Shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

    d.   Threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

    e.   Caused D.W. to remain in the office of the school for an extended period of time;

    f.   Otherwise acted with reckless disregard for the health, safety, and medical needs of D.W.;

116.    As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

**COUNT XVI**
**(State Claim - Willful and Wanton Conduct – Marilyn Habecker)**

117.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 117 of Count XVI as if fully set forth herein.

118.    At all times material and relevant, the Defendant, HABECKER, owed D.W. a duty to exercise reasonable care during her interaction with him, including but not limited to, during the detention of the Plaintiff.

119.    HABECKER owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

120.    Notwithstanding said duty, HABECKER engaged in the following willful and wanton acts or omissions:

    a.   Failed to intervene or stop THORNTON when he grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

    b.   Failed to intervene or stop THORNTON when he grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

    c.   Failed to intervene or stop THORNTON when he shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

15

  d. Failed to intervene or stop THORNTON when he threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

  e. Failed to intervene or stop THORNTON when he caused D.W. to remain in the office of the school for an extended period of time;

  f. Otherwise acted with reckless disregard for the health, safety, and medical needs of D.W.

  121. As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## COUNT XVII
### (State Claim - Willful and Wanton Conduct – Tori Pringle)

  122. Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 122 of Count XVII as if fully set forth herein.

  123. At all times material and relevant, the Defendant, PRINGLE, owed D.W. a duty to exercise reasonable care during his interaction with him, including but not limited to, during his detention of the Plaintiff.

  124. PRINGLE owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

  125. Notwithstanding said duty, PRINGLE engaged in the following willful and wanton conduct:

  a. Failed to intervene or stop THORNTON when he grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

  b. Failed to intervene or stop THORNTON when he grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

  c. Failed to intervene or stop THORNTON when he shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

  d. Failed to intervene or stop THORNTON when he threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

    e.   Failed to intervene or stop THORNTON when he caused D.W. to remain in the office of the school for an extended period of time;

    f.   Otherwise acted with reckless disregard for the health, safety, and medical needs of D.W.

126.    As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## COUNT XVIII
### (State Claim - Willful and Wanton Conduct – Norm Durflinger)

127.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 127 of Count XVIII as if fully set forth herein.

128.    At all times material and relevant, the Defendant, DURFLINGER, owed D.W. a duty to supervise and train PSD 150 employees.

129.    Defendant, DURFLINGER, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

130.    Defendant, DURFLINGER, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

131.    Defendant, DURFLINGER, failed to verify and confirm that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley.

132.    Defendant, DURFLINGER, failed to properly train and supervise PSD 150 employees regarding use of force and duty to protect students from harm.

133.    Notwithstanding said duty, DURFLINGER engaged in the following willful and wanton conduct:

    a.   Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

    b.   Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

    c.   Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position;

    d. Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools under his purview;

    e. Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees, and as a proximate result,

    f. Allowed D.W. to remain in the office of the school for an extended period of time; and

    g. Otherwise acted with reckless disregard for the health, safety and medical needs of D.W.

134. As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## COUNT XIX
### (State Claim - Willful and Wanton Conduct – Debra Dimke)

135. Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 135 of Count XIX as if fully set forth herein.

136. At all times material and relevant, the Defendant, DIMKE, owed D.W. a duty to supervise, train and administer her duties and responsibilities as Director of Human Resources.

137. At all times material and relevant, the Defendant, DIMKE, owed D.W. a duty to supervise and train PSD 150 employees.

138. Defendant, DIMKE, had an obligation and duty to verify and confirm compliance by all PSD 150 employees with PSD 150 Policies, ROE Policies, state mandates and laws governing employment within the school district.

139. Defendant, DIMKE, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

140. Notwithstanding said duty, DIMKE engaged in the following willful and wanton conduct:

    a. Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

    b. Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

    c.  Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position;

    d.  Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools under his purview;

    e.  Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees, and as a proximate result,

    f.  Allowed D.W. to remain in the office of the school for an extended period of time; and

    g.  Otherwise acted with reckless disregard for the health, safety and medical needs of D.W.

141.    As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## COUNT XX
### (State Claim - Willful and Wanton Conduct – Gerald Brookheart)

142.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 142 of Count XX as if fully set forth herein.

143.    At all times material and relevant, the Defendant, BROOKHEART, owed D.W. a duty to supervise, train and administer his duties and responsibilities as Regional Superintendent of Schools.

144.    Defendant, BROOKHEART, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

145.    Notwithstanding said duty, BROOKHEART engaged in the following willful and wanton conduct:

    a.  Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position and authority;

    b.  Failed to review, assess and otherwise determine the administrative abilities and on-going compliance with state mandated certifications, training and supervision necessary to provide the safety and security of the learning environment of a school within Peoria County and operating as a regional safe school;

    c.  Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees charged with

the responsibility for staffing the Regional Safe School, Greeley, and as a proximate result;

d.  Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

e.  Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

f.  Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position;

g.  Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools under his purview;

h.  Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees, and as a proximate result,

i.  Allowed D.W. to remain in the office of the school for an extended period of time;  and

j.  Otherwise acted with reckless disregard for the health, safety and medical needs of D.W.

146.    As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## COUNT XXI
### (State Claim - Willful and Wanton Conduct – Jeff Nelson)

147.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 147 of Count XXI as if fully set forth herein.

148.    At all times material and relevant, the Defendant, NELSON, owed D.W. a duty to supervise, train and administer his duties and responsibilities as Interim Superintendent.

149.    Defendant, NELSON, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

150.    Notwithstanding said duty, NELSON engaged in the following willful and wanton conduct:

a.  Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position and authority;

20

b. Failed to review, assess and otherwise determine the administrative abilities and on-going compliance with state mandated certifications, training and supervision necessary to provide the safety and security of the learning environment of a school within Peoria County and operating as a regional safe school;

c. Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees charged with the responsibility for staffing the Regional Safe School, Greeley, and as a proximate result;

d. Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

e. Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

f. Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees subordinate to his position;

g. Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools under his purview;

h. Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees, and as a proximate result,

i. Allowed D.W. to remain in the office of the school for an extended period of time; and

j. Otherwise acted with reckless disregard for the health, safety and medical needs of D.W.

151.    As a proximate result of the above-referenced conduct, D.W. endured physical and emotional injuries, pain and suffering and sustained further damages.

## <u>COUNT XXII</u>
### (State Claim-Willful and Wanton Conduct – Peoria School District 150 – *Respondeat Superior*)

152.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 152 of Count XXII as if fully set forth herein.

21

153.    At all times material and relevant, the Defendant, PSD 150, by and through its staff, owed D.W. a duty to exercise reasonable care during their interactions with him, including but not limited to, during their detention of the Plaintiff.

154.    Defendant, PSD 150, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

155.    Notwithstanding said duties, PSD 150, by and through said staff, engaged in the following willful and wanton conduct:

a.   Grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

b.   Grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

c.   Shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

d.   Threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

e.   Failed to intervene or stop THORNTON when he grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

f.   Failed to intervene or stop THORNTON when he grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

g.   Failed to intervene or stop THORNTON when he shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

h.   Failed to intervene or stop THORNTON when he threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

i.   Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

j.  Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

k.  Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees;

l.  Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools;

m.  Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees;

n.  Caused D.W. to remain in the office of the school for an extended period of time;

o.  Otherwise acted with reckless disregard for the health, safety, and medical needs of D.W.

156.   As a proximate result of the above-referenced conduct, D.W. sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

## COUNT XXIII
### (State Claim-Willful and Wanton Conduct – Regional Office of Education – *Respondeat Superior*)

157.   Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 157 of Count XXIII as if fully set forth herein.

158.   At all times material and relevant, the Defendant, ROE, by and through its staff, owed D.W. a duty to exercise reasonable care during their interactions with him, including but not limited to, during their detention of the Plaintiff.

159.   Defendant, ROE, owed D.W. a duty to protect him from physical harm by third parties, including but not limited to PSD 150 employees, while at Greeley.

160.   Notwithstanding said duties, ROE, by and through said staff, engaged in the following willful and wanton conduct:

a.  Grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

b.  Grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

c. Shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

d. Threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

e. Failed to intervene or stop THORNTON when he grabbed D.W., pushed him onto a table, climbed on top of him and pinned his neck forcefully to the table, absent any provocation, causing physical injury, pain and emotional distress;

f. Failed to intervene or stop THORNTON when he grappled and wrestled with D.W. and dragged D.W. to his feet, absent any provocation, causing physical injury, pain and emotional distress;

g. Failed to intervene or stop THORNTON when he shoved D.W. toward the gym exit and punched D.W. in the back of his head with a closed fist, absent any provocation, causing physical injury, pain and emotional distress;

h. Failed to intervene or stop THORNTON when he threw D.W. against lockers, punched D.W. in the back with a closed fist, and placed D.W. in a headlock while dragging him approximately 200 fee to the principal's office, absent any provocation, causing physical injury, pain and emotional distress;

i. Failed to verify and confirm, before and after hiring, that THORNTON had the education, training and certification required to act as a behavioral attendant for PSD 150 at Greeley;

j. Failed to properly train and supervise PSD 150 employees, including but not limited to THORNTON, regarding use of force and duty to protect students from harm;

k. Failed to review, assess and otherwise determine the level of skill, training and diligence of Administrative employees;

l. Failed to review, assess and otherwise determine the safety and security of the learning environments of the schools;

m. Failed to review, assess and otherwise determine the adherence to state mandates on certification, training and education of employees;

n. Caused D.W. to remain in the office of the school for an extended period of time;

o. Otherwise acted with reckless disregard for the health, safety, and medical needs of D.W.

161.    As a proximate result of the above-referenced conduct, D.W. sustained severe and permanent injuries, endured pain and suffering and sustained further damages.

## COUNT XXIV
### (State Claim-*Respondeat Superior*)

162.  Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 162 of Count XXIV as if fully set forth herein.

163. The Defendant, BENJAMIN THORNTON, was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of his employment and while he was on duty.

164. PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, BENJAMIN THORNTON.

165. The aforesaid acts of BENJAMIN THORNTON were within the scope of his employment as a Behavioral Attendant of PSD 150, was willful and wanton, and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

## COUNT XXV
### (State Claim-*Respondeat Superior*)

166.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 166 of Count XXV as if fully set forth herein.

167.    The Defendant, HABECKER, was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of her employment and while she was on duty.

168.    PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, HABECKER.

169.    The aforesaid acts of HABECKER within the scope of her employment as a teacher for PSD 150, were willful and wanton, and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

## COUNT XXVI
### (State Claim-*Respondeat Superior*)

170.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 170 of Count XXVI as if fully set forth herein.

171.    The Defendant, PRINGLE, was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of her employment and while she was on duty.

172.    PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, PRINGLE.

173.    The aforesaid acts of PRINGLE were within the scope of her employment as a Teacher's Aide for PSD 150, was willful and wanton, and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

## COUNT XXVII
### (745 ILCS 10/9-102 Claim - Peoria School District 150)

174.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 174 of Count XXVII as if fully set forth herein.

175.    The Defendant BENJAMIN THORNTON was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of his employment while he was on duty.

176.    PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, BENJAMIN THORNTON.

177.    The aforesaid acts of BENJAMIN THORNTON were within the scope of his employment as the Behavioral Attendant at PSD 150, and under color of the law and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

## COUNT XXVIII
### (745 ILCS 10/9-102 Claim - Peoria School District 150)

178.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 178 of Count XXVIII as if fully set forth herein.

179.    The Defendant, MARILYN HABECKER, was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of her employment while she was on duty.

180.    PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, MARILYN HABECKER.

181.    The aforesaid acts of MARILYN HABECKER were within the scope of her employment as the gym teacher at PSD 150, and under color of the law and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

## COUNT XXIX
### (745 ILCS 10/9-102 Claim - Peoria School District 150)

182.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 182 of Count XXIX as if fully set forth herein.

183.    The Defendant, TORI PRINGLE, was at all times relevant to this complaint an employee of PSD 150, and engaged in the conduct complained of in the course and scope of her employment while she was on duty.

184.    PSD 150 is, and was at all times material to this complaint, the employer and principal of the Defendant, TORI PRINGLE.

185.    The aforesaid acts of TORI PRINGLE were within the scope of her employment as the Teacher's Aide at PSD 150, and under color of the law and therefore the Defendant, PSD 150, as principal, is liable for the actions of its agents under 745 ILCS 10/102.

## COUNT XXX
### (Negligent Hiring)

186.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 186 of Count XXX as if fully set forth herein.

187.    The Defendant, PSD 150, was under a duty to investigate and hire properly trained, qualified and appropriate individuals.

188.    The defendant breached its duty in one or more of the following ways:

    a.    Failed to conduct criminal background checks on prospective employees they intended to hire as administrative personnel;

    b.    Failed to seek character references for the prospective employees they intended to hire as administrative personnel;

    c.    Failed to acquire character references about the temperament of prospective employees they intended to hire as administrative personnel;

    d.    Failed to supervise and monitor employees to determine their ability to adhere to their assigned duties;

    e.    Hired administrative personnel with inadequate knowledge, training or experience; and

27

    f.   Hired personnel with violent dispositions.

189.    As a direct and proximate result of the aforesaid, Plaintiff suffered injuries of a personal and pecuniary nature, included but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent, Because of the injuries sustained, he was and will be hindered and presented from attending to his usual duties and affairs; and will spend and become liable for large sums of money, for hospital, and medical services during his recovery.

### COUNT XXXI
**(Negligent Supervision/Training)**

190.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 190 of Count XXXI as if fully set forth herein.

191.    Defendant PSD 150, was under a duty to properly train and supervise their employees.

192.    The Defendant, PSD 150, knew its administrative employees would have to insert themselves in the middle of verbal and physical conflicts in the course of their employment. The Defendant, PSD 150, breached its duty to Plaintiff by one or more of the following acts or omissions:

    a.   Failed to train its employees in the proper use of physical force;

    b.   Failed to monitor its employees to ensure that they did not lose emotional control during the performance of their job;

    c.   Failed to monitor its employees to ensure that they did not apply excessive force to the students;

    d.   Failed to monitor employees as to responsibility on maintaining safe, secure environment; and

    e.   Was otherwise willful, wanton and careless in its supervision of its employees.

As a direct and proximate result of the aforesaid, Plaintiff suffered injuries of a personal and pecuniary nature, included but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent. Because of the injuries sustained, he was and will be hindered and presented from attending to his usual duties and affairs; and will

spend and become liable for large sums of money, for hospital, and medical services during his recovery.

## COUNT XXXII
### (Negligent Supervision/Training)

193.    Plaintiff re-alleges, restates and incorporates paragraphs 1-47 of this Complaint as paragraph 193 of Count XXXII as if fully set forth herein.

194.    Defendant ROE, was under a duty to properly supervise the Districts within Peoria County for adherence to state laws, guidelines and certification requirements.

195.    The Defendant, ROE, knew employees of supervised Districts would have to insert themselves in the middle of verbal and physical conflicts in the course of their employment. The Defendant, ROE, breached its duty to Plaintiff by one or more of the following acts or omissions:

  a.  Failed to determine if school district employees were trained in the proper use of physical force;

  b.  Failed to monitor ability and willingness of PSD 150 Administrative employees in order to ensure that they were diligent and thorough in adhering to state guidelines, laws, mandates and certification requirements;

  c.  Failed to monitor PSD 150 Administrative employees in order to determine if they possessed the knowledge, diligence and ability to ensure their staff did not apply excessive force to the students;

  d.  Failed to monitor PSD 150 Administrative employees in order to determine if they possessed the knowledge, diligence and ability to educate and monitor employees as to their responsibility on maintaining safe, secure environment; and

  e.  Was otherwise willful, wanton and careless in its supervision of PSD 150.

196.    As a direct and proximate result of the aforesaid, Plaintiff suffered injuries of a personal and pecuniary nature, included but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.  Because of the injuries sustained, he was and will be hindered and presented from attending to his usual duties and affairs; and will spend and become liable for large sums of money, for hospital, and medical services during his recovery.

## PLAINTIFFS' CLAIMS
## CONSTITUTIONAL & STATUTORY PROVISIONS INVOLVED
## CIVIL RIGHTS ACT OF 1871, 42 U.S.C. §1983

197.    "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, a citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privilege or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit or equity or other proper proceeding for redress…."

### THE FOURTH AMENDMENT

198.    "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

### THE FOURTEENTH AMENDMENT

199.    All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### PLAINTIFF'S REMEDIES

200.    As a direct and proximate result of the violations of D.W.'s civil rights, he has suffered personal injuries and has suffered severe mental distress and in the future will likely suffer severe mental distress.

201.    The conduct of Defendants is such that for the purpose of punishment and by way of example Plaintiff is entitled to an award of punitive damages against the Defendants.

202.    Plaintiff has incurred attorney's fees and expenses in the prosecution of this action which he is entitled to an award as part of costs as a prevailing plaintiff under 42 U.S.C. §1983, 42 U.S.C. §1988.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, CHARLESETTA WILLIAMS, as Mother and Next friend of D.W., a Minor, prays for a judgment in her favor and against Defendants as follows:

A.    Against the Defendants, PEORIA SCHOOL DISTRICT 150, an Illinois Local Governmental Entity; REGIONAL OFFICE of  EDUCATION, an Illinois Local Governmental Entity; BENJAMIN THORNTON, Behavioral Attendant for Peoria School District 150, in his Individual Capacity, MARILYN HABECKER, Physical Education Teacher for Peoria School District 150, in her Individual Capacity,  TORI PRINGLE, Teacher's Aide for Peoria School District 150, in her Individual Capacity, NORM DURFLINGER, Interim Superintendent for Peoria School District 150, in his Individual and Official Capacities, DEBRA DIMKE, Director of Human Resources for Peoria School District 150, in her Individual and Official Capacities, GERALD BROOKHEART, Regional Superintendent for the Regional Office of Education, in his Individual and Official Capacities, JEFF NELSON, Assistant Superintendent for the Regional Office of Education in his Individual and Official Capacities, Unknown Supervisory and Officers of Peoria Public Schools District No. 150 known as John Doe(s), in Their Individual and Official Capacities jointly and severally in the amount of FIVE HUNDRED FIFTY THOUSAND DOLLARS ($500,000.00);

B.    Against the Defendants, PEORIA SCHOOL DISTRICT 150, an Illinois Local Governmental Entity; REGIONAL OFFICE of  EDUCATION, an Illinois Local Governmental Entity; BENJAMIN THORNTON, Behavioral Attendant for Peoria School District 150, in his Individual Capacity, MARILYN HABECKER, Physical Education Teacher for Peoria School District 150, in her Individual Capacity,  TORI PRINGLE, Teacher's Aide for Peoria School District 150, in her Individual Capacity, NORM DURFLINGER, Interim Superintendent for Peoria School District 150, in his Individual and Official Capacities, DEBRA DIMKE, Director of Human Resources for Peoria School District 150, in her Individual and Official Capacities, GERALD BROOKHEART, Regional Superintendent for the Regional Office of Education, in his Individual and Official Capacities, JEFF NELSON, Assistant Superintendent for the Regional Office of Education in his Individual and Official Capacities, Unknown Supervisory and Officers of Peoria Public Schools District No. 150 known as John Doe(s), in Their Individual and Official Capacities jointly and severally in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for punitive damages;

C.      An award of attorney's fees and expenses incurred by the Plaintiff in prosecuting this action as part of costs under 42 U.S.C. §1983 and 42 U.S.C. §1988; and

D.      Such further and different relief as this Honorable Court deems just, proper and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

CHARLESETTA WILLIAMS, as Mother and Next Friend of D.W., a Minor, Plaintiff

By:____/s/ James P. LeFante_____
          One of Her Attorneys

James P. LeFante (6237531)
LeFante Law Offices, P.C.
Twin Towers Plaza
456 Fulton Street, Suite 370
Peoria, IL   61602
Phone:  309 / 999-1111
Fax:  309 / 999-1110
jlefante@lefantelaw.com

Michael Doubet
Attorney at Law
Twin Towers Plaza
456 Fulton Street, Suite 370
Peoria, IL   61602
Phone:  309 / 397-8298
midoubet@hotmail.com